# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 0303008652A |
| | ) | |
| STANLEY YELARDY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 11, 2020
Decided: May 1, 2020

## ORDER SUMMARILY DISMISSING DEFENDANT'S REQUEST FOR A CERTIFICATE OF ELIGIBILITY TO FILE UNDER 11 Del. C. § 4214(f) AND Del. Super. Ct. Spec. R. 2017-1

This 1st day of May, 2020, upon consideration of the Request for a Certificate of Eligibility filed by Stanley Yelardy (the "Request") and the record in this matter, it appears to the Court that:

1. On August 20, 2004, following a four-day trial, a Superior Court jury convicted Yelardy of four counts of Robbery First Degree, four counts of Possession of a Firearm During Commission of a Felony ("PFDCF"), Wearing a Disguise during Commission of a Felony ("Disguise"), Reckless Endangering Second Degree, and Receiving Stolen Property. Before sentencing, the Court granted the State's petition to declare Yelardy a habitual offender with respect to the Robbery

and PFDCF charges.[1] Under the then-extant Habitual Criminal Act, Yelardy faced a minimum sentence of twenty years for *each* of the Robbery charges and *each* of the PFDCF charges. The Court sentenced Yelardy on January 19, 2005 to 160 years at Level V for the Robbery and PFDCF charges, which was the minimum mandatory sentence. The Court suspended Yelardy's Level V sentence for the remaining charges. Yelardy's convictions and sentence were upheld on appeal and on postconviction review.

2. Yelardy now requests a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[2] Section 4214(f) permits a defendant sentenced as a habitual criminal before July 19, 2016 "to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section" to petition the Superior Court for sentence modification after the defendant has "served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense . . . ."[3] This is referred to as the "time-served requirement" because it requires a defendant to show they have served

---

[1] D.I. 104, 138. 11 *Del. C.* § 4214(a) (2003) (providing that a person previously convicted of at least three separate, successive felonies, who thereafter is convicted of a fourth felony, could be declared a habitual criminal).
[2] D.I. 210; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).
[3] 11 *Del. C.* § 4214(f).

2

whatever mandatory sentence they would face under the current version of the Habitual Criminal Act.

3.  Yelardy first asked the Office of Defense Services ("ODS") to file a request on his behalf. ODS declined to do so, concluding Yelardy did not meet the time-served requirement under Section 4214(f). Yelardy then filed his Request *pro se*. Yelardy contends he should be permitted to proceed *pro se* because he has represented himself without counsel throughout this case, including during trial.[4]

4.  The Court's rule governing relief under Section 4214(f) prohibits a defendant from filing a *pro se* request for a certificate of eligibility unless the petitioner has been granted permission to proceed *pro se*.[5] Even if the Court granted Yelardy's request to proceed *pro se*, however, it is apparent from the face of the petition and the record of the prior proceedings in this case that Yelardy is not entitled to relief under Section 4214(f).

5.  Yelardy's past convictions that formed the basis of the State's habitual offender petition included (1) a 1970 conviction for Bank Robbery under 18 U.S.C. § 2113(a); (2) 1975 convictions for Armed Robbery and Aiding & Abetting under 18 U.S.C. § 2113(d), and (3) 1992 convictions for Burglary, Theft of a Motor Vehicle, Theft, and Receiving Stolen Property. The two federal convictions for

---

[4] D.I. 210 at 1.
[5] Del. Super. Ct. Spec. R. 2017-1(c)(2).

Bank Robbery and Armed Robbery were both "serious violent felonies" under federal law.[6] Therefore, under the current version of the Habitual Criminal Act, Yelardy is eligible for sentencing under Sections 4214(c) or (d), and his minimum mandatory sentence for the Robbery and PFDCF charges in this case remains at 160 years. Yelardy has not served that period of time and therefore he does not meet Section 4214(f)'s requirement that he serve "a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section." The Court therefore summarily dismisses Yelardy's Request.[7]

**FOR THE FOREGOING REASONS, IT IS ORDERED** that Stanley Yelardy's Request for Certification of Eligibility is **DISMISSED SUMMARILY.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Todd E. Conner Esquire
       Annemarie Puit, Deputy Attorney General

---

[6] *See* 18 U.S.C. § 3559(c)(2)(F)(ii) (defining "serious violent felony" as including "robbery (as described in section 2111, 2113, or 2118) . . . .").

[7] Del. Super. Ct. Spec. R. 2017-1(d)(8).

4